**UNITED STATES of America, Appellee,**

v.

**James ALTON, a/k/a James A. Hale, Appellant.**

**No. 92–1762.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1992.

Decided Dec. 22, 1992.

Charles E. Kirksey, Jr., St. Louis, MO, argued, for appellant.

Joseph M. Landolt, Asst. U.S. Atty., St. Louis, MO, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

James Alton appeals his convictions for possession of cocaine with intent to distribute and possession of a firearm during a drug-trafficking crime. He claims that the District Court[1] erred in not suppressing evidence seized under a search warrant, which he argues was not issued upon probable cause. We affirm.

I.

On February 8, 1990, Special Agent Dennis Wichern of the Drug Enforcement Administration (DEA) obtained a search warrant to search a residence located at 816 Saxony Court, University City, Missouri. The application for the warrant was supported by Agent Wichern's affidavit setting forth the following. On February 1, 1990, a confidential source called Agent Wichern and provided information about

---

1. The Hon. George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

the defendant and his drug dealing. He described the defendant as a black male, 37 years old, approximately 5 feet 9 inches tall, and weighing around 170 pounds. Upon checking this with the Missouri Department of Revenue, Agent Wichern discovered that the defendant was indeed 37 years old, was 5 feet 7 inches tall, and weighed 160 pounds. The source said that the defendant had been distributing drugs in the St. Louis area for the past 15 years. He also told the agent that the defendant wore a voice-activated pager he used to distribute narcotics and gave Agent Wichern the number. The source also told him that the defendant owned a building at 5560 Ashland in St. Louis, where the St. Louis Police had executed two search warrants in the last few years, and where the defendant had killed a woman. After investigating further, Agent Wichern found that the defendant did own this building and had in fact been arrested and charged with the homicide of a woman killed in the building. The source further described several assets of the defendant, including a 1981 Cadillac, two 1932 Fords, one a purple-colored truck, and a motorcycle, which the source claimed were purchased with drug proceeds, since the defendant had never worked in a legitimate job.

The source said that although the defendant used his mother's address at 7742 St. Albans, Richmond Heights, Missouri, as his mailing address, he lived with his girlfriend, Martha Hale, and their young son in University City and kept narcotics and money at that residence. The Missouri Department of Revenue listed the defendant's address as the Richmond Heights address and Martha Hale's address as 816 Saxony Court, University City, Missouri. Union Electric Company, however, billed James Hale—an alias the source claimed was used by the defendant—for service to the residence at Saxony Court. During a four-day surveillance of the Saxony Court residence, Agent Wichern saw the 1981 Cadillac in the driveway several times each day, both early and late. He also saw an older model purple-colored truck parked in the driveway.

The source then told Agent Wichern that he had seen the defendant in possession of kilogram quantities of narcotics on numerous occasions over the past fifteen years, had witnessed many drug transactions, and had stored narcotics for the defendant several times. He explained to Agent Wichern that the defendant used a safe in his house to protect his narcotics, drug-related money, and jewelry. The source also said that the defendant carried a gun. Finally, he told the agent that he had been in contact with the defendant the week before and, at that time, the defendant was in possession of cocaine for sale.

In attempting to corroborate the information he received, Agent Wichern reviewed DEA files on the defendant. A file from 1983 revealed that a confidential source told DEA agents that the defendant and his father were involved in selling cocaine from the Richmond Heights home and that the defendant was in charge of getting the cocaine they distributed. The file also revealed that in 1983 the defendant owned a 1981 Cadillac, with the same license as the one Agent Wichern observed in the Saxony Court driveway. Another file contained information from a third confidential source who said that he had been in the defendant's home many times during 1980 and 1981 and had often seen the defendant in the possession of cocaine.

A criminal-record check indicated that the defendant had an extensive criminal history, including arrests for possession of drugs in 1987 and 1989 and another arrest in 1989 when the St. Louis Police Department executed a search warrant for narcotics at 5560 Ashland in St. Louis. After obtaining all of the above information, Agent Wichern applied for and received a search warrant to search 816 Saxony Court for cocaine, any tools of the trade, and any evidence of occupancy or ownership. The warrant was very specific.

## II.

■ Alton filed a pre-trial motion to suppress the evidence seized pursuant to the warrant. The magistrate judge who conducted the hearing on the motion and ulti-

mately denied it was the same magistrate judge who issued the warrant. The defendant argues that an ethical violation occurred which calls into question the very fairness and objectivity of the entire process. The materials before us do not indicate that this argument was made in the Court below. Our review is therefore only for plain error, and we see none. There is no indication of actual bias, and the issue of probable cause is not close on the merits. So we reject this argument without giving it the normal scope of appellate review. We have some doubts about the practice, and our affirmance in this case is not to be interpreted as approving it.

 We turn now to the merits. Alton argues that the warrant was not supported by probable cause. He claims that there was no evidence to establish the reliability of the confidential source and no basis to conclude that evidence of criminal conduct was present at the time the warrant was issued. The Supreme Court has held that whether or not probable cause exists is to be determined by all the circumstances. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed. *Jones v. United States*, 362 U.S. [257] at 271 [80 S.Ct. 725, 736, 4 L.Ed.2d 697].

*Id.* at 238–39, 103 S.Ct. at 2332.

In *Gates* the Supreme Court replaced the old law, see *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 415, 89 S.Ct. 584, 588, 21 L.Ed.2d 637 (1969), requiring the issuing court to find that the informant was reliable, with a "totality of the circumstances" approach. Therefore, the defendant's claim that the evidence did not establish the reliability of the confidential source, even if true, is no longer decisive. In this case, the District Court had more than enough evidence to conclude there was a "fair probability" that evidence of a crime would be found at 816 Saxony Court. The confidential source gave very detailed information including a description of the defendant, a description of his cars, his beeper number, a sketch of his arrest record, the fact that the defendant used a safe and what he stored in the safe, the exact location of a building defendant owned, his mailing address and the fact that it was different from his residence, and that he had personally observed him in possession of cocaine a week before. In addition, Agent Wichern's independent investigation confirmed all of the information which was capable of being confirmed. There was a substantial basis for concluding that probable cause existed.

Affirmed.