928 F.Supp. 885 (1996)
James ALTON, Movant,
v.
UNITED STATES of America, Respondent.
No. 4:95CV01099 GFG.
United States District Court, E.D. Missouri, Eastern Division.
June 3, 1996.
James Alton, Milan, MI, Pro Se.
Joseph M. Landolt, Asst. U.S. Atty., St. Louis, MO, for respondent.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on James Alton's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his convictions and sentences. For the reasons set forth below, the motion is GRANTED in part.
On January 8,1992, a jury convicted Alton of possessing cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and using or carrying a firearm during and in relation to a drug trafficking *886 offense in violation of 18 U.S.C. § 924(c)(1). Based on a criminal history category of I and a total offense level of 24, the probation office calculated Alton's sentencing range on the drug offense as 51 to 63 months. On March 27, 1992, this Court sentenced Alton to 60 months in prison on the drug conviction and, as mandated by § 924(c)(l), to a consecutive 60-month term for the weapons conviction. Alton appealed, arguing that the search warrant obtained for his residence was not supported by probable cause. The Eighth Circuit affirmed the convictions. United States v. Alton, 982 F.2d 285 (8th Cir.1992).
Alton commenced this § 2255 action on June 21, 1995, challenging the validity of both of his convictions and alleging nine grounds for relief. Document 1. This Court instructed the United States to respond to the motion. Document 8. The Government filed its initial response on September 8, 1995. Document 12. Thereafter, Alton filed a supplemental motion, based on Bailey v. United States, ___ U.S. ____, 116 S.Ct 501, 133 L.Ed.2d 472 (1995), arguing that his conviction under § 924(c)(1) must be set aside. Document 22.[1]
On April 9, 1996, the Government conceded that Alton's conviction under § 924(c)(1) could not stand in light of Bailey, Document 24 at 1-2, but argued that the Court should resentence Alton for his drug trafficking offense and enhance his offense level by two for possession of dangerous weapons under U.S.S.G. § 2D1.1(b)(1). Id. at 2-A. This would increase Alton's sentencing range to 63 to 78 months based on his criminal history category of I and a total offense level of 26. Alton filed his reply on April 25,1996, arguing that resentencing him on the drug trafficking count would violate due process. Document 26. On May 15, 1996, Alton filed a motion to expedite his immediate release or in the alternative for bond. In that motion, Alton asserted that he had completed serving his original sentence on the drug trafficking offense on May 8, 1996, and that resentencing him to an enhanced sentence on that charge would violate the Double Jeopardy Clause. Document 28.[2] The Government did not respond to this motion.
In Bailey v. United States, ___ U.S. ____, 116 S.Ct 501, 133 L.Ed.2d 472 (1995), the Supreme Court clarified how the term "use" is to be interpreted in the context of § 924(c)(1). The Court described use as connoting the active employment of a firearm and as including brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm. Id. at ____, 116 S.Ct at 508. The Court held that use does not include concealing a firearm nearby to be at the ready for an imminent confrontation. Id. The Court characterized such action as storage and as not readily distinguishable from possession. Id.
Here, the evidence at trial revealed that Drug Enforcement Administration ("DEA") Agent Dennis Wichern obtained a search warrant for Alton's residence at 816 Saxony Court in University City, Missouri. Tr. 7275. On February 9, 1990, along with other law enforcement officials, Wichern executed the warrant. Id. at 75. Among other things, Wichern found cocaine, cash, and three weapons on the premises. Id. at 79-104. Wichern uncovered two loaded weapons, a .45 caliber semi-automatic pistol and a .38 caliber pistol, and ammunition in the closet of the master bedroom. Id. at 99-104. Wichern also found an unloaded, .25 caliber, semi-automatic pistol on top of a dresser in the bedroom. Id. at 104-05. Alton was not at home when Agent Wichern executed the search warrant Id. at 78.
The Government concedes that in light of Bailey the evidence does not support Alton's conviction under § 924(c)(1) for using a firearm in connection with his drug trafficking offense. Additionally, the Government concedes that the evidence does not indicate that Alton carried the firearm during the commission *887 of the offense. The Government has not argued that the Court cannot retroactively apply Bailey or that Alton is procedurally barred from advancing this argument. In any event, the Court notes that these arguments have been rejected in a number of cases. See, e.g., Warner v. United States, 926 F.Supp. 1387, 1391 (E.D.Ark.1996) (applying Bailey retroactively in § 2255 proceeding); United States v. Trevino, 1996 WL 252570 at *2 (N.D.Ill. May 10, 1996) (applying Bailey retroactively and finding no procedural bar to such application in § 2255 action); United States v. Seibert, 1996 WL 221768 at *1-2 (E.D.Pa. Apr. 26, 1996) (applying Bailey retroactively in § 2255 proceeding and finding procedural bar inapplicable); Bell v. United States, 917 F.Supp. 681, 683-84 (E.D.Mo.1996) (applying Bailey retroactively in § 2255 action and rejecting procedural bar argument); Sanabria v. United States, 916 F.Supp. 106, 111-14 (D. Puerto Rico 1996) (same); Abreu v. United States, 911 F.Supp. 203, 206-08 (E.D.Va.1996) (same). Accordingly, the Court will grant the motion to vacate Alton's conviction and sentence under § 924(c)(l).
Citing United States v. Roulette, 75 F.3d 418 (8th Cir.1996), the Government maintains that the Court should resentence Alton on the drug trafficking count and apply the twolevel enhancement for possession of firearms in connection with a drug trafficking offense pursuant to U.S.S.G. § 2D1.1(b)(1).[3] In Roulette, on direct appeal the Eighth Circuit set aside a § 924(c)(1) conviction in light of Bailey and remanded for resentencing on the remaining drug convictions. 75 F.3d at 420, 426. The Court noted that at the time the original sentence was imposed the sentencing court did not consider increasing the defendant's base offense level for possession of a dangerous weapon under U.S.S.G. § 2D1.11(b)(1) because "Guidelines § 2K2.4, Application Note 2, provides that when a defendant is sentenced to the five year consecutive minimum sentence under 18 U.S.C. § 924(c), a specific offense characteristic for possession of a firearm is not to be applied to the guideline for the underlying offense." Id. at 426. Because the Court set aside the § 924(c)(1) conviction and the prohibition against imposing the two-level enhancement no longer applied, the Court remanded for resentencing. Id.[4]
Alton argues that resentencing him on the drug trafficking offense would violate the Double Jeopardy Clause and the Due Process Clause of the Fifth Amendment. He correctly observes that Roulette was decided on direct appeal rather than on collateral review and thus the defendant's convictions and sentences in that case had not yet become final. Alton further asserts that the defendant in Roulette challenged his sentences on both the drug and gun convictions thereby opening the door to resentencing. In contrast, Alton maintains that he did not challenge his sentence on the drug conviction; therefore, he has a greater expectation of finality with respect to that sentence than did the defendant in Roulette. Finally, Alton contends that this Court lacks authority to modify the valid sentence imposed for the drug convictions.
A number of courts have addressed the double jeopardy and due process issues Alton raises in the context of § 2255 proceedings following Bailey. The majority hold there is no constitutional obstacle to resentencing a defendant on a drug charge with the enhancement for possession of a weapon after vacating the defendant's § 924(c)(1) conviction under Bailey. See Harris v. United States, No. 4:96CV143 JCH, slip op. at 5 (E.D.Mo. May 14, 1996) (rejecting due process and double jeopardy arguments); Fortune v. United States, No. 4:96CV319 JCH, slip op. at 5-6 (E.D.Mo.1996) (rejecting due process and double jeopardy arguments); Mixon v. United States, 926 F.Supp. 178, 180-82 (S.D.Ala.1996) (rejecting double jeopardy argument); Seibert, 1996 WL 221768 at *2 (noting that resentencing would not violate *888 late defendant's due process rights or place defendant in double jeopardy).[5]
The Court reached the opposite conclusion in Warner v. United States. There, the Court held it would violate the Double Jeopardy Clause and the defendant's due process rights to resentence the defendant to enhanced term after vacating the § 924(c)(1) conviction under Bailey because: (1) the defendant had served his complete term on the drug convictions; and (2) the defendant had not challenged the convictions or sentences on the drug charges. Warner, 926 F.Supp. at 1392-96. Also, because the defendant did not challenge his drug convictions, the Court concluded that it lacked statutory authority under § 2255 to correct the sentence to provide for the previously unavailable enhancement under § 2D1.1(b)(1). Id. at 1396-99; see also Warner v. United States, 926 F.Supp. 1387 (E.D.Ark. May 13, 1996) (supplemental order distinguishing Roulette).[6]
Though the question is close and not entirely free from doubt, on the facts of this case the Court believes there is no constitutional obstacle to correcting Alton's sentence on the drug conviction. In reaching this conclusion, the Court finds Warner distinguishable. Here, in contrast to Warner and contrary to Alton's argument, Alton has challenged the validity of his drug conviction as well as the 924(c)(1) conviction. See Document 1.[7] Thus, the drug conviction and the sentence for that conviction are properly before the Court in this proceeding. Alton therefore lacks the legitimate expectation of finality in his drug sentence the defendant had in Warner, particularly in view of the fact that Alton's drug sentence was imposed as part of an overall sentencing scheme involving multiple counts. See United States v. Shue, 825 F.2d 1111, 1115-16 (7th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct 351, 98 L.Ed.2d 376 (1987). Under § 2255, therefore, the Court has authority to "vacate and set the judgment aside and ... resentence [the prisoner] ... or correct the sentence as may appear appropriate." Because the Court has set aside the § 924(c)(1) conviction, that conviction no longer precludes the Court from imposing the two-level enhancement under § 2D1.1(b)(1). See Roulette, 75 F.3d at 426; Harris, 4:96CV143 JCH, slip op. at 5; Fortune, 4:96CV319 JCH, slip op. at 6. Accordingly, if application of § 2D1.1(b)(1) is warranted, it would appear appropriate for the Court to resentence Alton and impose that enhancement in order to avoid an incorrect application of the Guidelines.
At first glance, the possibility of increasing Alton's sentence on the drug conviction may appear to punish him for challenging the validity of his convictions. But closer scrutiny reveals that Alton will receive a substantial reduction in his overall sentence, even if the Court finds the enhancement applicable. Initially, Alton was sentenced to 60 months on the drug conviction and a consecutive 60-month term on the § 924(c)(1) conviction for a total of 10 years in prison. The two-level enhancement in Alton's offense level under § 2D1.1(b)(1), if appropriate, will increase the sentencing range on the drug conviction from 51 to 63 months to 63 to 78 months  a substantial reduction from the total sentence of 120 months that the Court originally imposed.
Accordingly, the Court will order the United States Probation Department to prepare a supplemental presentence investigation report addressing whether the conduct underlying Alton's offense warrants an increase to Alton's base offense level under U.S.S.G. § 2D1.1(b)(1). Due to the circumstances presented by this case, the report must be prepared on an expedited basis. Upon receipt *889 of this report and after allowing tame for the parties to object, the Court will hold a hearing to correct Alton's sentence. Alton shall be present at the hearing and shall be represented by appointed counsel.
Alton has moved for bond pending final resolution of his motion under § 2255. Document 28. District courts have inherent authority to release an inmate on bail pending a decision on a petition for a writ of habeas corpus or a motion under § 2255, but that authority is to be used sparingly. Cherek v. United States, 767 F.2d 335, 337 (7th Cir.1985). Because Alton is subject to resentencing on his drug conviction, the Court finds that Alton has not demonstrated the existence of a substantial constitutional issue on which he is likely to prevail, and no exceptional circumstances are present which require Alton's immediate release in the interests of justice. See Martin v. Solem, 801 F.2d 324, 329-30 (8th Cir.1986) (nothing unusual about claim of unlawful confinement in habeas action). Accordingly, the Court will deny Alton's motion for release on bail.
Based on the foregoing,
IT IS HEREBY ORDERED that James Alton's supplemental motion to vacate his conviction and sentence for using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1), Document 22, is GRANTED in light of Bailey v. United States, ___ U.S. ____, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).
IT IS FURTHER ORDERED that pursuant to the Government's request, the Court will reconsider the sentence imposed on Alton for the drug trafficking conviction in light of United States v. Roulette, 75 F.3d 418 (8th Cir.1996). The Court will issue a separate order in the underlying criminal action scheduling a hearing on the resentencing.
IT IS FURTHER ORDERED that Alton's motion for bond pending resolution of his § 2255 motion, Document 28, is DENIED.
NOTES
[1] In this order, the Court does not address the grounds for relief advanced in the initial motion but focuses solely on the issues raised by the supplemental motion. The Court will resolve the claims raised in the initial motion in a subsequent order.
[2] The probation office confirmed that had Alton been sentenced only to 60 months, he would have been released on May 8, 1996. Document 29.
[3] Bailey noted that § 2D1.1(b)(1) allowed for an enhancement for possession of a weapon in connection with a drug trafficking offense. See ___ U.S. at ____, 116 S.Ct. at 509.
[4] See also United States v. Lang, 81 F.3d 955, 963-64 (10th Cir.1996) (same); United States v. Fennell, 77 F.3d 510, 510-11 (D.C.Cir.1996) (same).
[5] See also Trevino. 1996 WL 252570 at *2-3 (not addressing constitutional arguments but noting that resentencing following vacation of conviction supported by "logic and authority"); Sanabria, 916 F.Supp. at 114-15 (not addressing constitutional arguments but resentencing defendant to enhanced term on drug conviction).
[6] See also Beal v. United States. 924 F.Supp. 913, 917 (D.Minn. Apr. 26, 1996) (denying Government's request to resentence defendant on drug convictions after setting aside § 924(c)(1) conviction under Bailey on ground that drug sentences were not challenged by defendant and thus not properly before Court).
[7] However, as in Warner. Alton has completed the sentence originally imposed upon him for his drug conviction.