**UNITED STATES of America**

v.

**Homer Bobby HENSON, Petitioner.**

Civil No. 3:96–CV–0572.
Crim. No. 92–295.

United States District Court,
M.D. Pennsylvania.

Sept. 30, 1996.

Cheryl J. Sturm, West Chester, PA, for petitioner.

John C. Gurganis, Jr., Assistant U.S. Attorney, Scranton, PA, for respondent.

## MEMORANDUM AND ORDER

NEALON, District Judge.

In this civil action brought pursuant to 28 U.S.C. § 2255, petitioner Homer Bobby Henson seeks to have his sentence vacated. On August 6, 1996, the court requested that the parties submit briefs addressing whether an evidentiary hearing was required on the issues of voluntariness of petitioner's plea and the effectiveness of his counsel. The parties have briefed the issues and the matter is now ripe. For the reasons that follow, the court will deny the holding of an evidentiary hearing and will reconsider the original sentence imposed on Henson.

### Procedural History

On November 18, 1992, petitioner Homer Bobby Henson was indicted by a federal grand jury on charges including: Count I, conspiracy to distribute and possession with intent to distribute cocaine, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1), (2); and Count III, the knowing use and carrying of firearms during and in relation to a drug trafficking felony in violation of 18 U.S.C. § 924(c). Pursuant to a signed plea agreement, Henson, represented by Nicholas Fick, Esq., pled guilty to Counts I and III on April 22, 1993.

On November 18, 1993, the petitioner, who then had new counsel, filed a motion to withdraw his plea. The court denied the motion to withdraw on March 24, 1994, and on October 27, 1994, sentenced petitioner to a term of 138 months, consisting of seventy-eight months on Count I and sixty months on Count III. Petitioner filed his motion to vacate on April 1, 1996, and in it's response to the motion, the Government requested that the court adjust the guidelines determination upwards under U.S.S.G. § 2D1.1(b)(1). On August 6, 1996, the court requested that the parties brief whether an evidentiary hearing was required on the issues of ineffective assistance of counsel and the voluntariness of petitioner's plea.

### Analysis

■ In section 2255 proceedings, the district court has discretion in determining whether an evidentiary hearing is required, and "[i]n exercising that discretion the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Government of the Virgin Islands v. Forte,* 865 F.2d 59, 62 (3d Cir.1989). Furthermore, the court is required to order an evidentiary hearing "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Id.* Therefore, the court will look at all prior hearings and findings of fact in making its determination.

■ Henson first argues that his plea was involuntary because either the prosecution or his first counsel, Nicholas Fick, Esq., coerced his plea by stating that his son might be arrested if he did not plead guilty. The court finds no need for an evidentiary hearing on the basis of this argument inasmuch as this issue was addressed at the October 27, 1994, hearing and a specific finding made that there was no coercion. We have already heard and rejected petitioner's involuntariness claim and the factual bases on which the argument rests, and as a result, no evidentiary hearing is now required to reconsider it.

■ At his sentencing hearing petitioner argued that he was weary and tired when he entered his plea and that Attorney Fick, in informing Henson that his son might be in danger of arrest, coerced petitioner to plead guilty. The court, aided by the record, petitioner's statements, and the extensive testimony of Attorney Fick, found petitioner's "claims of coercion and inability to concentrate and consciously enter a plea of guilty

**434**

... unpersuasive." Transcript of Sentencing Hearing at 129; *see Id.* at 34–75. Petitioner, now in an attempt to vacate his sentence, appears to be only rehashing the same coercion and involuntariness arguments he raised in his motion to withdraw and at his sentencing hearing. Concerning Mr. Fick's alleged failure to interview the witnesses, Fick testified that he had the benefit of the government's statements from these witnesses, as well as information coming from the defendant himself. Moreover, he had hired an investigator who went out to interview the witnesses, but was held back when the parties engaged in serious plea discussions. Finally, petitioner has not identified any witness who would have provided relevant testimony if interviewed. Cronin, of course, would not because he had entered a guilty plea and agreed to testify against Henson. The court has already heard the facts that form the basis for these arguments and was unpersuaded. Thus, petitioner's current voluntariness and ineffective assistance of counsel arguments are frivolous, cumulative, and require no evidentiary hearing.

■ Petitioner raises two additional arguments predicated on the Supreme Court's decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), which rendered 18 U.S.C. § 924(c) inapplicable to him. He contends that but for the application of section 924(c) as it existed at the time of his plea, he would have chosen to go to trial rather than enter a guilty plea. Henson also argues that *Bailey* constituted an external impediment to effective assistance of counsel.

■ Petitioner's first *Bailey* argument is without merit. In *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), the Supreme Court held that a defendant

assumes the risk of ordinary error in either his or his attorney's assessment of the law. Although he might have pleaded differently had later decided cases then been the law, he is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel

sufficient to show that his plea was not, after all, a knowing and intelligent act. *McMann,* 397 U.S. at 774, 90 S.Ct. at 1450. Furthermore, " 'there is no general duty on the part of defense counsel to anticipate changes in the law.' " *Sistrunk v. Vaughn,* 96 F.3d 666 (3d Cir.1996) (quoting *Forte,* 865 F.2d at 62). Petitioner's contention that but for the 924(c) charge he would not have pled guilty is squarely rejected by *McMann* and under the facts of record. Under *McMann,* petitioner is bound by his plea, despite a change in the law, unless he can show other "derelictions" on the part of counsel. *McMann,* 397 U.S. at 774, 90 S.Ct. at 1450; *see United States v. Vallejo,* 476 F.2d 667 (3d Cir.), *cert. denied,* 414 U.S. 830, 94 S.Ct. 61, 38 L.Ed.2d 65, *reh'g denied,* 414 U.S. 1086, 94 S.Ct. 606, 38 L.Ed.2d 491 (1973); *United States v. Lindsey,* 461 F.2d 922 (3d Cir.1972).

■ Furthermore, in order for Henson to show his plea is the result of the ineffectiveness of counsel, there must exist "a reasonable probability that, but for counsel's errors, the defendant would have proceeded to trial instead of pleading guilty." *Parry v. Rosemeyer,* 64 F.3d 110, 118 (3rd Cir.1995) (citing *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *United States v. Nahodil,* 36 F.3d 323 (3d Cir.1994)). Here there is no reasonable probability that "counsel's errors" were the impetus behind Henson's plea because counsel did not err. Attorney Fick competently advised Henson on the law as it applied pre-*Bailey.* The change in the law does not later render that advice erroneous or incompetent.

■ Petitioner's reliance on *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), is misplaced. Although *Murray* held that an external impediment could exist if a legal basis for a claim was not reasonably available to counsel, that holding is not applicable to this case. *Murray* applied to "procedural default" cases where a petitioner seeking habeas review has failed to comply with a state procedural rule. *Murray,* 477 U.S. at 488, 106 S.Ct. at 2645. Here, Henson has not failed to comply with a state procedure and now attempts to show cause via external impediment. Instead, he argues that the change in section 924(c) has

risen to the level of constitutionally ineffective assistance of counsel. Such an argument extends *Murray* beyond the scope in which it was decided and provides no ground for relief. Consequently, petitioner's second *Bailey* argument fails, and the record therefore shows petitioner is not entitled to relief on his ineffective assistance argument. Accordingly, the court finds no evidentiary hearing is required to decide petitioner's motion to vacate.

 However, as the government concedes that Count III, the 18 U.S.C. § 924(c) count, must be vacated under *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), a new sentencing hearing must be scheduled. While the government agrees to a new sentencing, it also argues that, under Count I, the court should adjust the guidelines determination upwards to include a 2 level enhancement for possession of a weapon under U.S.S.G. § 2D1.1(b)(1).[1]

Only a few district courts have addressed the question of sentence enhancement in the context of a section 2255 petition challenging a pre-*Bailey* 924(c) conviction.[2] *United States v. Forrest,* 934 F.Supp. 731 (E.D.Va. 1996); *Alton v. United States,* 928 F.Supp. 885 (E.D.Mo.1996); *Warner v. United States,* 926 F.Supp. 1387; *Mixon v. United States,* 926 F.Supp. 178 (S.D.Ala.1996); *United States v. Trevino,* 1996 WL 252570 (N.D.Ill. May 10, 1996); *Gardiner v. United States,* 1996 WL 224798 (D.Minn. May 3, 1996); *United States v. Seibert,* 1996 WL 221768 (E.D.Pa. Apr. 26, 1996); *Sanabria v. United States,* 916 F.Supp. 106 (D.P.R.1996). The majority of these decisions have held that a district court has the authority to resentence the defendant and include the 2D1.1(b)(1) enhancement. The line of distinction in these cases is whether the defendant, in his 2255 motion, has challenged his underlying conviction. In cases where the defendant has challenged his conviction, the courts have

allowed the enhancement on the theory that in attacking his conviction, a defendant "lacks a legitimate expectation of finality in his drug sentence." *Alton,* 928 F.Supp. at 888; *see Mixon,* 926 F.Supp. at 181; *Trevino,* 1996 WL 252570 at *2–3. But where the defendant has not challenged the grounds of his underlying conviction, courts have found no authority to resentence and impose an enhancement. *Forrest,* 934 F.Supp. at 735; *Warner,* 926 F.Supp. at 1397–98.

 In his 2255 motion, Henson has collaterally attacked both the 924(c) count and his underlying drug sentence under Count I, alleging that his plea to the drug charge was involuntary and was the product of ineffective assistance of counsel. Motion to Vacate at 12–16. Henson and the Government agree that the 924(c) count should be vacated. Therefore, under section 2255, the court "shall ... discharge the prisoner or resentence him or ... correct the sentence as may appear appropriate." 28 U.S.C. § 2255 (1994). Furthermore, we agree with the court in *Alton* in that a defendant challenging his underlying sentence "lacks a legitimate expectation of finality" in that sentence, and in order to "avoid an incorrect application of the sentencing guidelines," an enhancement under section 2D1.1(b)(1) is appropriate. *Alton,* 928 F.Supp. at 888; *Mixon,* 926 F.Supp. at 181. Accordingly an appropriate order will follow and a new sentencing hearing will be scheduled at which time the government will be required to prove by a preponderance of the evidence that petitioner possessed a weapon during the offense under U.S.S.G. § 2D1.1(b)(1).

---

1. The two-level enhancement did not originally apply to Henson because the guidelines do not allow the enhancement when a defendant is also prosecuted under section 924(c). U.S.S.G. § 2K2.4, Application Note 2.

2. In contrast, a number of courts have considered this enhancement issue in the context of

direct appeals. In these cases, the circuits have found the sentencing enhancement appropriate. *e.g. United States v. Clements,* 86 F.3d 599 (6th Cir.1996); *United States v. Lang,* 81 F.3d 955 (10th Cir.1996); *United States v. Fennell,* 77 F.3d 510 (D.C.Cir.1996) (per curiam); *United States v. Roulette,* 75 F.3d 418 (8th Cir.1996).