United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-3251
_____

United States of America,          *
                                          *

        Appellee,            *
                                          *

                                          *   Appeal from the United States
      v.                        *   District Court for the Eastern
                                          *   District of Missouri.

James Alton,                 *
                                          *

        Appellant.          *

_____

Submitted: April 18, 1997
Filed: July 14, 1997
_____

Before McMILLIAN, JOHN R. GIBSON, and BEAM, Circuit Judges.
_____

BEAM, Circuit Judge.

James Alton brought an action under 28 U.S.C. § 2255, challenging his conviction for using a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). The district court[1] vacated the conviction in light of the United States Supreme Court's opinion in Bailey v. United States, 116 S. Ct. 501 (1995). Upon motion by the government, the district court recalculated Alton's sentence on a related charge of trafficking in a controlled substance. Alton appeals, and we affirm.

_____

[1]The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

St. Louis police officers executed a search warrant at Alton's residence and discovered quantities of cocaine, cocaine base, drug paraphernalia, and three handguns. The government issued a two-count indictment charging Alton with possession with intent to distribute a controlled substance, in violation of 18 U.S.C. § 841, and with using a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Alton was convicted on both counts.

The district court, applying the United States Sentencing Guidelines, sentenced Alton to sixty months of imprisonment and three years of supervised release for his drug trafficking conviction. In regard to the § 924(c) firearms conviction, the district court sentenced Alton to a consecutive five-year term of imprisonment, as the statute requires. Defendants convicted of drug trafficking who are found to possess a dangerous weapon are subject to a two-level enhancement to their base offense level under the Guidelines. U. S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995). However, if a defendant is also sentenced for a § 924(c) conviction, the Guidelines prohibit the district court from applying the enhancement because § 924(c) penalizes the same conduct. U.S.S.G. § 2K2.4, comment. (n.2). Accordingly, in determining Alton's sentence for the drug trafficking conviction, the original sentencing court did not apply the § 2D1.1(b)(1) weapon enhancement.

After Alton began serving his sentence, the United States Supreme Court decided Bailey v. United States, 116 S. Ct. 501 (1995). In Bailey, the Court clarified the scope of § 924(c), holding that conviction under the statute for using a firearm in relation to a drug offense required a showing that the defendant actively employed the firearm in a way that made the firearm an "operative factor" in the drug offense. Id. at 505. As have numerous other defendants convicted under § 924(c), Alton filed a § 2255 habeas corpus action arguing that Bailey required that his § 924(c) conviction be set aside.

The government conceded that the evidence did not support Alton's § 924(c) charge in light of Bailey, and the district court accordingly vacated the conviction. Alton v. United States, 928 F. Supp. 885, 887 (E.D. Mo. 1996). The government argued, however, that the district court should resentence Alton on his drug trafficking conviction, as § 924(c) no longer prevented application of the § 2D1.1(b)(1) enhancement. Alton contended that the court had no authority to resentence him on the drug charge, and that such resentencing would constitute double jeopardy. In a carefully considered opinion, the district court concluded that while the "question is close and not entirely free from doubt," it could resentence Alton applying the enhancement. 928 F. Supp. at 888. The district court then resentenced Alton to sixty-five months of imprisonment and three years of supervised release. Alton appeals.

This court has already held that a district court has authority in a § 2255 action to resentence a prisoner on a drug trafficking offense after vacating a related § 924(c) conviction in light of Bailey. Gardiner v. United States, 114 F.3d 734, 735-36 (8th Cir. 1997); United States v. Harrison, 113 F.3d 135, 137 (8th Cir. 1997). We also have held that such resentencing does not constitute double jeopardy. Gardiner, 114 F.3d at 736-37; Harrison, 113 F.3d at 138. Gardiner and Harrison are thus dispositive in Alton's case.

At the time of his resentencing, Alton had completed the sixty month term of custody for his drug trafficking conviction, and had begun the § 924(c) sentence. Alton argues that because the drug trafficking term of custody had been served, his sentence on that count had expired and he had thus developed a legitimate expectation of finality in that sentence. In Harrison, 113 F.3d at 138, we reserved this question, but now hold that in this case resentencing on the served portion of the two interdependent sentences does not violate double jeopardy. First, Alton's sentence on the drug charge had not expired, because he was still in custody and subject to supervised release on that charge at the end of his imprisonment on the § 924(c) count. Second, the consecutive sentences for the related drug and firearms charges constituted a unified sentencing

package. "When a prisoner collaterally attacks a portion of a judgment, he is reopening the entire judgment and cannot selectively craft the manner in which the court corrects that judgment." Gardiner, 114 F.3d at 736. Furthermore, in Gardiner and Harrison we held that resentencing on a related conviction did not constitute double jeopardy even when the prisoner had not challenged that count in his habeas petition. Gardiner, 114 F.3d at 737; Harrison, 113 F.3d at 138. Here, however, Alton himself attacked his drug trafficking conviction in his initial habeas petition (though he later withdrew that request for relief in an amended petition), and so did not even arguably have a legitimate expectation of finality. Alton's drug trafficking sentence, rendered incorrect when the district court vacated the related § 924(c) conviction, was before the district court and the court acted properly in correcting it.

The judgment of the district court is affirmed.

JOHN R. GIBSON, Circuit Judge, dissenting.

I have no quarrel with the proposition that we are bound by United States v. Harrison. Nevertheless, I respectfully dissent to express my views that under the facts of this case Harrison is not controlling and should not apply, and in any event application of Harrison's reasoning to this case is deserving of reexamination by the court en banc.

Here Alton had served his sixty-month sentence on the drug trafficking conviction and had begun serving the consecutive sentence under section 924(c). In this respect it differs from Harrison in which the drug sentence had not been fully served. Harrison expressly reserved the question as to the applicability of the Double Jeopardy Clause where the drug sentence had been fully served. I would not stretch Harrison to fit this case.

-4-

I agree with the reasoning of Judge G. Thomas Eisele in <u>Warner v. United States</u>, 926 F. Supp. 1387 (E.D. Ark. 1996), which would require a holding that Alton had a legitimate expectation of finality in his completion of his sentence for the drug related convictions, and that the Double Jeopardy Clause should prevent the district court from resentencing Alton on the drug charge. Judge Eisele's opinion develops his reasoning thoroughly and convincingly in my view. I believe that the issue is one that deserves en banc consideration.

I would reverse.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.