# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2314

_____

United States of America,           *
                                           *

           Appellee,           *
                                           *   Appeal from the United States

        v.                      *   District Court for the
                                           *   Eastern District of Arkansas

Marvin Eugene Wahl,            *
                                           *      [UNPUBLISHED]

           Appellant.         *

_____

Submitted:  June 6, 2000

Filed:  June 14, 2000

_____

Before McMILLIAN, BRIGHT, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Marvin Wahl appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas re-sentencing him on his conviction for conspiracy to manufacture and possess methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846.  The district court originally had sentenced appellant to consecutive sentences of 121 months imprisonment on the drug conspiracy charge and 60 months imprisonment on a count of using a firearm in connection with drug trafficking, in

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

violation of 18 U.S.C. § 924(c), to be followed by 3 years supervised release.  Upon appellant's 28 U.S.C. § 2255 motion, the district court later vacated his § 924(c) conviction under Bailey v. United States, 516 U.S. 137 (1995); enhanced his drug conspiracy sentence by two levels for possessing a dangerous weapon, see U.S.S.G. § 2D1.1(b)(1) (1998); sentenced him to the minimum sentence available, 151 months, under the applicable Guidelines range; and otherwise left the prior sentence unmodified.  For reversal, appellant argues the district court erred in (1) finding that he possessed firearms in connection with the drug conspiracy and (2) enhancing his drug conspiracy sentence after he had already served the entire 121-month term of imprisonment for that conviction.  For the reasons discussed below, we affirm the judgment of the district court.

The district court did not clearly err in determining that it was not clearly improbable appellant possessed firearms in connection with the drug conspiracy:  a search of Wahl's farm had revealed the existence of chemicals and equipment necessary to manufacture methamphetamine in a trailer next to a barn, and numerous firearms--some of them loaded--in various parts of the house.  See id. § 2D1.1(b)(1), comment. (n.3) (clear improbability standard); United States v. Belitz, 141 F.3d 815, 817 (8th Cir. 1998) (standard of review); United States v. Hiveley, 61 F.3d 1358, 1362-63 (8th Cir. 1995) (per curiam) (upholding U.S.S.G. § 2D1.1(b)(1) enhancement where firearms were found in one trailer on defendant's property, and drugs were found in different trailer; proof of connection between firearms and criminal activity "does not require a showing that defendant ever used or even touched the gun" because constructive possession justifies adjustment (internal citations and quotations omitted)); United States v. Luster, 896 F.2d 1122, 1129 (8th Cir. 1990) (constructive possession is "ownership, dominion, or control over the item itself or dominion over the premises where the item is located" (internal citations and quotations omitted)).

We also reject appellant's contention that the district court lacked authority to enhance his drug conspiracy sentence after he had served it, because his successful § 2255 attack of his § 924(c) conviction subjected him to re-sentencing on his drug conspiracy sentence. See United States v. Alton, 120 F.3d 114, 116 (8th Cir.) (upholding U.S.S.G. § 2D1.1(b)(1) enhancement of drug conspiracy sentence, after vacation of § 924(c) conviction upon defendant's § 2255 motion, even though defendant had fully completed term of imprisonment for drug conspiracy; when defendant challenges one of two interdependent sentences, he reopens entire judgment and has no legitimate expectation of finality in either sentence), cert. denied, 522 U.S. 976 (1997); United States v. Harrison, 113 F.3d 135, 138 (8th Cir. 1997). Although appellant urges us to reconsider Alton and Harrison, we note that only the court en banc may do so. See United States v. Wright, 22 F.3d 787, 788 (8th Cir. 1994) (panel of this court is bound by prior Eighth Circuit decision unless that case is overruled by court sitting en banc).

Accordingly, we affirm.

McMILLIAN, Circuit Judge, dissenting.

I dissent and would refer the enhancement issue to the court en banc for the reasons set forth in United States v. Alton, 120 F.3d 114, 116-17 (8th Cir.) (John R. Gibson, J., dissenting), cert. denied, 522 U.S. 976 (1997).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-