In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-3615

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ENRIQUE RIVERA,

*Defendant-Appellant.*

Appeal from the United States District Court for
the Southern District of Indiana, Evansville Division.
No. 3:98CR00017-001—**Richard L. Young**, *Judge.*

ARGUED APRIL 15, 2003—DECIDED MAY 1, 2003

Before FLAUM, *Chief Judge*, and RIPPLE and WILLIAMS, *Circuit Judges*.

FLAUM, *Chief Judge.* In August 2000 Enrique Rivera was convicted of conspiring to possess with the intent to distribute cocaine and conspiring to commit money laundering. He was originally sentenced to 293 months in prison, but on appeal we reversed the drug conspiracy conviction for lack of sufficient evidence and remanded the case for resentencing. *See United States v. Rivera*, 273 F.3d 751 (7th Cir. 2001) ("*Rivera I*"). Now, Rivera appeals his new sentence, claiming that it was imposed in violation of the Double Jeopardy and Due Process Clauses. We affirm.

## I. BACKGROUND

We assume familiarity with the facts set forth in our prior opinion and will repeat only what is necessary for this appeal. At Rivera's original sentencing hearing, the district court determined that the adjusted offense levels for the money laundering count and the drug conspiracy count were 27 and 35, respectively. The counts were grouped, so the court used the higher offense level of 35, which, coupled with a criminal history category of IV, yielded a guidelines range of 235 to 293 months. Finding a sentence at the high end of the range to be appropriate, the court imposed 293 months for the drug conspiracy conviction and 240 months for the money laundering conviction, to run concurrently with each other and with a prior undischarged 262-month sentence that was imposed in California in 1999.

On remand, after we reversed the drug conspiracy conviction, the district court left undisturbed its original findings that the money laundering count carried an adjusted offense level of 27 and that Rivera's criminal history category was IV. This resulted in a guidelines range of 100 to 125 months. At the resentencing hearing, Rivera urged the court to impose a 100-month sentence and to run it concurrently with the prior undischarged sentence in California:

> [C]onsidering all the factors last time in determining [that the sentences] should be concurrent, the only thing that's changed is that the Seventh Circuit has reversed the drug conspiracy case. And I think now to change and give him consecutive time, it seems to be punishing him for pursuing his right to appeal and for being successful on appeal. If it was reasonable back in November of 2000 to give him concurrent time, it's reasonable now.

Rivera also informed the court that, though the presentence report indicated that the prior undischarged

term was 262-months long, "he actually received 151 months. I think somewhere along the line that was corrected in the prior presentences." The government disputed whether the undischarged term had been reduced, but the court ultimately found the dispute unimportant to the sentencing determination. The court explained that, regardless how long the undischarged sentence might be, consecutive terms were necessary to adequately punish Rivera for his "continuing pattern of drug activities and [to] protect the community from any further activity in the sale of drugs and money laundering for quite a significant period of time." The court then imposed a prison term of 120 months, to run consecutively to the undischarged sentence. This ruling, assuming that the prior sentence remains at 262 months, resulted in an overall time of imprisonment of 382 months—89 months longer than the time Rivera originally received.

## II. DISCUSSION

Rivera challenges his sentence on three grounds. First, he contends that the Double Jeopardy Clause "prohibits the district court's wholesale revamping of Rivera's money laundering sentence . . . because neither Rivera nor the Government challenged it on appeal." But as we have explained before, where a defendant is sentenced on multiple counts, he has "no legitimate expectation of finality in any discrete portion of the sentencing package after a partially successful appeal." *United States v. Shue*, 825 F.2d 1111, 1115 (7th Cir. 1987); *see also United States v. Smith*, 103 F.3d 531, 535 (7th Cir. 1996) (no expectation of finality "until action is taken with regard to the whole sentence"). It is therefore well-settled that the Double Jeopardy Clause does not bar the district court on remand from unbundling the package and resentencing on the remaining counts. *See United States v. Noble*, 299 F.3d 907,

910 (7th Cir. 2002); *Shue*, 825 F.2d at 1115; *United States v. Evans*, 314 F.3d 329, 333 (8th Cir. 2002). Rivera's argument otherwise is meritless.

Also without support is Rivera's contention that the district court "exceeded the jurisdiction granted by the remand for resentencing on the money laundering conspiracy." Contrary to Rivera's assertions, there is nothing in our earlier opinion that imposed any limitations on the district court's ability to reconsider the sentencing package as a whole. *See generally Rivera I*, 273 F.3d 751.

Rivera's last claim, based on the Due Process Clause, is that his new sentence raises a presumption of vindictiveness under *North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794 (1989), because he received more prison time than he did before his first, successful appeal. In response the government points out that Rivera's sentence on the money laundering count was actually *reduced* from 240 months to 120 months; this argument, however, overlooks the fact that we follow the "aggregate package" approach when analyzing *Pearce* claims. *United States v. Mancari*, 914 F.2d 1014, 1021-22 (7th Cir. 1990). Under this approach, which is followed by a majority of circuits, *see United States v. Campbell*, 106 F.3d 64, 68 (5th Cir. 1997) (collecting cases), we compare the *total* original punishment to the *total* punishment after resentencing in determining whether the new sentence is more severe. *See id.*

But in order to calculate Rivera's total punishment after resentencing, we must first know whether his prior undischarged sentence has been reduced to 151 months or whether it remains at 262 months. We are uncertain why the district court thought this factual question to be unimportant, given that the court's purpose in choosing between a concurrent or consecutive (or partially concurrent) sentence presumably should have been to effectuate

its original sentencing intent. Under U.S.S.G. § 5G1.3(c) district courts have the ability to run sentences "concurrently, partially concurrently, or consecutively to [a] prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." The court here determined that 293 months was "a reasonable punishment" the first time around. We see no reason why that should be any different on remand unless there were changed circumstances, and both parties agree that there were none.

None of this is of any import, however. At oral argument the parties clarified that the prior undischarged sentence has in fact been reduced to 151 months. This means that Rivera's total term of imprisonment is now 271 months—22 months *shorter* than his original sentence—so the *Pearce* presumption does not apply. *See Mancari*, 914 F.2d at 1021-22. And without the presumption, Rivera must show actual vindictiveness on the part of the sentencing court, *United States v. Feldman*, 825 F.2d 124, 132 (7th Cir. 1987), but he has made no attempt to do so. His due process challenge to his sentence therefore fails.

## III. CONCLUSION

The judgment of the district court is AFFIRMED.

A true Copy:

       Teste:

                              _____
                              *Clerk of the United States Court of Appeals for the Seventh Circuit*