# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1630
_____

United States of America

*Plaintiff - Appellee*

v.

Eddie David Cox

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 14, 2018
Filed: March 25, 2019
[Unpublished]

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Following Eddie Cox's conviction on twelve counts, the United States District Court for the Western District of Missouri[1] ("Western District") sentenced him to life imprisonment on Counts Five and Eight based on the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e). Cox has completed his sentences for the other counts of his indictment. This court affirmed a life sentence for Cox, *United States v. Cox*, 942 F.2d 1282, 1286 (8th Cir. 1991), and we denied his application for leave to file a successive 28 U.S.C. § 2255 motion on the basis he asserts here, *see Cox v. United States*, No. 16-2029 (8th Cir. Oct. 6, 2016). Cox then filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Central District of Illinois ("Central District"). The Central District identified what it considered to be a "structural problem" with § 2255 that prevented Cox from obtaining relief. *Cox v. Krueger*, No. 17-1099, 2017 WL 4706898, at *4 (C.D. Ill. Oct. 19, 2017).

The Central District vacated Cox's ACCA-enhanced sentences, Counts Five and Eight, and ordered that Cox be delivered to the Western District for resentencing. *Cox*, 2017 WL 4706898 at *6. The Western District ordered an updated presentence investigation report ("PSR"). The PSR calculated a total offense level of 30, a criminal history category of VI, and a resulting guidelines range of 168 to 210 months' imprisonment. The Western District conducted a *de novo* resentencing. It resentenced Cox on Counts Five and Eight, the counts for which the sentences had been vacated, and it also resentenced Cox on the remaining counts of his indictment for a total sentence of 966 months' imprisonment.

This case is in an odd procedural posture because the Central District granted Cox § 2241 relief but then ordered that the Western District conduct the resentencing, rather than do so itself. The Government did not appeal the Central District's

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

decision, and the Western District was left with the unfortunate task of conducting a resentencing according to an order from the Central District that is in tension with our mandates affirming the sentence and denying Cox's application for leave to file a successive § 2255 motion. Unless one of our mandates contains "explicit or implicit instructions to hold further proceedings, a district court has no authority to re-examine an issue settled by a higher court." *Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 456 (8th Cir. 1990). Here, the Western District did not re-examine an issue decided by this court because the Central District granted the § 2241 relief and the Western District merely conducted a resentencing consistent with the Central District's order. Because the Western District's resentence is not inconsistent with our orders nor is it inconsistent with 28 U.S.C. § 2243, which allows a court hearing a § 2241 habeas claim to "dispose of the matter as law and justice require," we conclude the Western District had authority to conduct the resentencing as it did here.

In addition, principles of coordinate jurisdiction do not bar the resentencing as Cox argues. When our district courts receive an order purporting to confer resentencing jurisdiction, they are not obligated to agree with another district court that a defendant is entitled to relief. *See United States v. Auginash*, 266 F.3d 781, 784 (8th Cir. 2001) (stating that giving precedential weight to district court opinions is discretionary); 21 C.J.S. Courts § 253 ("Courts of [coordinate] jurisdiction are courts of equal dignity as to the matters concurrently cognizable, neither having supervisory power over the other."). The Western District independently reviewed the record and determined Cox's resentence. We see no issue with coordinate jurisdiction where the Western District voluntarily resentenced Cox.

Cox argues that the Western District erroneously conducted a *de novo* resentencing. He claims that the Western District "exceeded the scope of the grant of § 2241 relief" by resentencing Cox on all of the counts, instead of just Counts Five and Eight. But even if we assume that the scope of the Central District's order bound the Western District, the Western District did not exceed the scope of the order. The

Central District's order said that the Western District should consider whether *United States v. Rivera*, 327 F.3d 612 (7th Cir. 2003), extends to Cox's case. In *Rivera*, the Seventh Circuit decided that resentencing a defendant on a count that was not challenged on appeal does not violate the Double Jeopardy Clause because a defendant "has no legitimate expectation of finality in any discrete portion of the sentencing package after a partially successful appeal." *Rivera*, 327 F.3d at 614 (internal quotation marks omitted). In other words, the Central District intended that the Western District consider whether it could resentence Cox on the entire sentencing package.

Cox next argues that the Double Jeopardy Clause allowed resentencing only on Counts Five and Eight, the formerly ACCA-enhanced counts, because they were the only sentences the Central District vacated and because Cox had "fully discharged" his other sentences. We review double jeopardy issues *de novo*. *United States v. Okolie*, 3 F.3d 287, 289 (8th Cir. 1993). We have held that "resentencing on the served portion of . . . two interdependent sentences does not violate double jeopardy." *United States v. Alton*, 120 F.3d 114, 116 (8th Cir. 1997). A prisoner who collaterally attacks a portion of a judgment reopens the entire judgment "and cannot selectively craft the manner in which the court corrects that judgment." *Id*. Thus, the Western District did not violate the Double Jeopardy Clause when it resentenced Cox on all counts.

Finally, Cox argues that the Western District considered improper factors, failed to adequately explain its sentence, and imposed a substantively unreasonable sentence. First, we find no procedural error. The Western District adequately explained its sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). It noted Cox's history of "destructive" and "violent" conduct as well as the "repetitive nature" of his offenses. The court also commented on Cox's "lack of willingness to reform [his] conduct upon sentence after sentence."

-4-

Second, the sentence, although long, was not substantively unreasonable. We review the reasonableness of a sentence for an abuse of discretion. *United States v. Jenkins*, 758 F.3d 1046, 1050 (8th Cir. 2014). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (internal quotation marks omitted).

The Western District considered the appropriate 18 U.S.C. § 3553(a) factors. Cox cites nothing in the record to support his argument that the Western District improperly relied on the original sentencing decision. *See Singer v. Harris*, 897 F.3d 970, 980 ("We cannot tell whether the district court erred in a ruling if [Appellant] does not direct us to a place in the record where we can find it . . . ."). Nevertheless, the dissent argues that the district court in part "justified" its sentence based on the original life sentence imposed in 1990. *Post*, at 7. The district court noted that Cox's conduct, the nature of his crimes, the repetitive nature of his crimes, and his lack of willingness to reform his conduct "upon sentence after sentence exhibits that the intention of Judge Hunter in sentencing [him] initially to a life sentence was a reasonable and appropriate determination and that an extensive and lengthy sentence is appropriate." We do not think the district court's comment indicates that it justified its sentence based on the original sentence. Rather, the district court observed that its own reasoning was consistent with that of the original sentencing judge.

Cox's further argument that the Western District placed too great an emphasis on his criminal history also fails. *See United States v. Thorne*, 896 F.3d 861 (8th Cir. 2018) (holding that the "consideration of [the defendant's] criminal history and likelihood to recidivate was not error"). Finally, Cox argues that the Western District abused its discretion by not considering his post-offense rehabilitation, family needs,

and his age. But Cox argued his family needs in his sentencing memorandum and raised his rehabilitation argument at the sentencing hearing, and the Western District recognized that Cox was at an "advanced age" at the sentencing hearing. Thus, we presume that the Western District considered these factors. *See United States v. Timberlake*, 679 F.3d 1008, 1012 (8th Cir. 2012) (presuming that the district court considered mitigating factors where the defendant raised them in his sentencing memorandum and at the sentencing hearing). The Western District adequately explained its sentence and properly considered the appropriate factors. Thus, we find no procedural or substantive error in the resentence.[2]

For the foregoing reasons, we affirm.

KELLY, Circuit Judge, concurring in part and dissenting in part.

I agree with the court that the Western District had the authority to resentence Cox following the Central District's vacatur of his life sentences as illegal. And I agree that under our precedents, the Western District was authorized to unbundle Cox's sentencing package and resentence him on all counts. See United States v. McArthur, 850 F.3d 925, 943 (8th Cir. 2017) (rejecting the argument that unbundling is permissible "only when the vacatur of one conviction permits the district court at resentencing to apply a new enhancement under the advisory sentencing guidelines"); Alton, 120 F.3d at 116 (holding that the Double Jeopardy Clause is not implicated by resentencing on the served portion of a sentence to which a new enhancement applies due to the vacatur of another conviction). But in my view, the sentence that the Western District imposed was substantively unreasonable.

---

[2]Cox argues that the Western District erred in denying his Rule 35(a) motion. "We review questions of law presented in Rule 35 motions de novo." *United States v. Jett*, 782 F.3d 1050, 1051 (8th Cir. 2015). In that motion, Cox made the same arguments addressed throughout this opinion. Thus, the Western District did not err in denying the motion.

When Cox was originally sentenced in 1990, the PSR calculated a mandatory Guidelines range of 360 months' to life imprisonment, and the Western District imposed a within-Guidelines life sentence on several counts. When he was resentenced in 2018, the updated PSR calculated a recommended Guidelines range of 168 to 210 months' imprisonment, and the Western District varied upwards from the top of the Guidelines range by 756 months to impose a total sentence of 966 months' imprisonment. In support of this sentence, the Western District cited Cox's "lengthy and extensive criminal history," his "extremely destructive conduct, some of which was violent in nature," his "lack of willingness to reform [his] conduct," and the original judge's "intention . . . in sentencing [Cox] initially to a life sentence."

Because the 966-month sentence is outside the Guidelines range, we do not presume that it is reasonable. See United States v. Moralez, 808 F.3d 362, 368 (8th Cir. 2015). When considering the sentence's reasonableness, we "consider the extent of the deviation" from the Guidelines range, while giving "due deference to the district court's" weighing of the statutory sentencing factors. Id. (quoting Gall, 552 U.S. at 51).

The upward variance imposed by the Western District is a 360-percent increase over the top of the Guidelines range and transforms what would have been a sentence of time served to an effective life sentence. The Western District justified this 63-year variance based, in part, on an improper factor—the original life sentence imposed in 1990. Section 3553(a) does not call for consideration of a defendant's original sentence, and for good reason: Cox's original sentence was based on statutory mandatory minimums and a mandatory Guidelines range that no longer apply.[3] See United States v. Tidwell, 827 F.3d 761, 764 (8th Cir. 2016) (explaining

---

[3]Originally, Cox was sentenced to life imprisonment on three counts. His conviction on one of those counts was subsequently vacated by this court. See Cox, 942 F.2d at 1284–86. The remaining two counts were subject to the ACCA's 15-year mandatory minimum sentence. After Johnson v. United States, 135 S. Ct. 2551

that when resentencing a defendant under § 2255, the district court should apply "the guidelines in effect at the time of resentencing, not at the time of the original sentencing"). By considering Cox's original sentence at resentencing, the Western District imported inapplicable statutes and Guidelines into the new sentence.

The remaining factors considered by the Western District were proper, but they do not provide the "significant justification" necessary to support such a substantial variance above the recommended Guidelines range, Gall, 552 U.S. at 50, especially when Cox has demonstrated post-offense rehabilitation by maintaining a clean disciplinary record in prison for nearly three decades, among other things. See United States v. Michael, 909 F.3d 990, 995 (8th Cir. 2018) (per curiam) (vacating a sentence that was 966 percent above the revocation Guidelines range as substantively unreasonable when the district court did not adequately explain the variance and may not have been "sufficiently informed" about the case); see also United States v. Aleo, 681 F.3d 290, 302 (6th Cir. 2012) (vacating a sentence that was 145 percent above the Guidelines range as substantively unreasonable because "the justifications offered by the district court d[id] not support the enormous variance"); cf., e.g., United States v. Espinoza, 831 F.3d 1096, 1098 (8th Cir. 2016) (concluding that the defendant's "high risk of re-offending" and "the need to protect the public" justified a sentence 12 percent above the Guidelines range); Moralez, 808 F.3d at 368–69 (concluding that the "breadth of [the] criminal enterprise" and the defendant's "primary" role in the enterprise justified a sentence 25 percent above the Guidelines range). Because the Western District imposed a substantively unreasonable sentence, I would remand the case to the Western District for resentencing.

———————————————————

———————————————

(2015), the ACCA no longer applied and the statutory maximum sentence on those two counts fell to 10 years. Cox's Guidelines range was also lower at resentencing because he no longer qualified as a career offender and because of other changes in the Guidelines.