## UNITED STATES of America,
## Plaintiff–Appellee,

v.

## Russell N. HARPER, Defendant–
## Appellant.

### No. 91–3430.

United States Court of Appeals,
Eleventh Circuit.

Sept. 11, 1992.

Cynthia R. Hawkins, Asst. U.S. Atty., Orlando, Fla., for defendant-appellant.

Mark E. NeJame, NeJame & Hyman, Orlando, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, EDMONDSON, Circuit Judge, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Defendant Russell Harper travelled regularly to Texas for marijuana imported from Mexico, then brought it back to Orlando, Florida, where he sold it. He gave his uncle and another person cash from the proceeds to purchase vehicles titled in the uncle and other person's names. Harper also used the proceeds to purchase a home.

After eight months of surveillance by the Drug Enforcement Administration (DEA), Harper was arrested. He eventually pled guilty to drug trafficking and money laundering offenses. He now appeals the sentencing court's refusal to group these offenses as "closely related counts" pursuant to Sentencing Guidelines § 3D1.2(b) and (d). We AFFIRM.

Because "[c]ounts involving different victims (or societal harms in the case of 'vic-

timless' crimes) are grouped together only as provided in subsection (c) or (d)," U.S.S.G. § 3D1.2, comment. (backg'd), we reject grouping under section 3D1.2(b). Drug offenses and money-laundering offenses are victimless crimes which "invade distinct societal interests; the distribution of illegal drugs affects the drug user and the community by increasing lawlessness and violence, money laundering disperses capital from lawfully operating economic institutions to criminals in and out of the country." *United States v. Gallo*, 927 F.2d 815, 824 (5th Cir.1991).

Subsection (d) provides a means for the sentencing judge to group counts involving the same harm "[w]hen the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior." Because they are quantitative in nature, a series of money laundering offenses or a series of drug trafficking offenses might be covered by this subsection. *See United States v. Toler*, 901 F.2d 399, 402 (4th Cir.1990) (dicta that child pornography and interstate transportation of minor with intent to engage in prohibited sexual conduct are "not fungible item offenses (e.g. money, drugs, property) that would be grouped under U.S.S.G. section 3D1.2(d)").

Subsection (d) goes on to categorize offenses in three ways: (1) offenses that should be grouped for sentencing; (2) offenses that should not be grouped for sentencing; and (3) offenses for which the decision regarding grouping should be made on a case-by-case basis. The relevant guideline provision for Harper's money laundering offense is section 2S1.1; the relevant drug trafficking provision is section 2D1.1. Both of these provisions fall within the first category; so Harper says his offenses should be grouped together. But grouping is not automatic, even if all offenses in question are encompassed within this first category.

In some circumstances, automatic grouping detracts from the main purpose of section 3D1.2: to combine offenses involving *closely related* counts. *See also* U.S.S.G. § 3D1.2, comment. (n. 6) ("Counts involving offenses to which different offense guidelines apply are grouped together under subsection (d) if the offenses are of the same general type and otherwise meet the criteria for grouping under this subsection"). While a series of drug trafficking offenses, or a combination of fraud and embezzlement offenses, for example, might be appropriately grouped for sentencing, grouping would be illogical in the context of combinations such as firearm trafficking and bid-rigging offenses, which are both in 3D1.2(d)'s first category, but not of the same general type and unlikely to be closely related.

We reject grouping under subsection (d) in Harper's case because drug trafficking and money laundering are not crimes "of the same general type;" nor are these offenses, under these facts, closely related. In addition, Harper has failed to meet the other criteria for grouping under subsection (d). The record does not clearly establish that his purchase of a house and other money laundering was "ongoing or continuous in nature." *See* U.S.S.G. § 3D1.2(d); *see also Gallo*, 927 F.2d at 824. As the Fourth Circuit stated in deciding against grouping gambling and money laundering activities:

> One could envision an illegal enterprise which generated monies through illegal gambling activities and simultaneously laundered those monies as part of the same continuing transaction or common scheme. Such is certainly not the case here, however. But for the fact that the home [appellant] sold was originally purchased with gambling proceeds, this money-laundering offense was completely unrelated to the gambling operation.... The single connection offered by appellant is thus insufficient to support a finding that the laundering of the funds used to purchase the house was "closely related" to the operation which generated them. To hold otherwise would mean that every act of money

laundering would be closely related to the underlying crime which produced the laundered money. This result is contrary to common sense and to § 3D1.2's mission to incrementally punish significant additional criminal conduct.

*United States v. Porter*, 909 F.2d 789, 793 (4th Cir.1990).

The district court is AFFIRMED.