41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Vicki GROLL, Defendant/Appellant.
 No. 93-3715.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 13, 1994.
Decided Nov. 1, 1994.
 
 Before POSNER, Chief Judge, and BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Vicki Groll was convicted by a jury of three counts of distributing marijuana in violation of 21 U.S.C. Sec. 841(a)(1), one count of use of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c)(1), and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. Sec. 922(g).[1] Groll appeals several of the district court's evidentiary rulings and her sentence. We affirm.
 
 I. FACTS
 
 2
 Michael Smothers met Vicki Groll in December of 1990. Smothers witnessed Groll complete an illegal drug transaction and soon after became a confidential informant (CI) for law enforcement authorities. Smothers then introduced Officer Craig Moser of the Wakesha County Metropolitan Drug Enforcement Unit, acting in an undercover capacity, to Groll. Groll and Moser negotiated a sale of marijuana for the next week. Moser also bought a quantity of marijuana for $400. The following week, Moser purchased one pound of marijuana for $1800. Moser then advanced Groll $2,000 for marijuana she was to pick up in Texas, and agreed Moser would purchase at least five pounds. Once Groll returned from Texas, Moser made arrangements to meet her in a parking lot to complete the sale. Groll told Moser to follow her, and then Moser joined Groll in her vehicle. Moser saw that there was a gun near Groll's thigh, which she later placed in her back pocket. Groll gave Moser the drugs and Groll was arrested.
 
 
 3
 Groll's version of the events differs in some respects. At trial, she relied on the defense of entrapment, arguing that Smothers entrapped her into selling marijuana and that the gun she had in the car belonged to Smothers. Groll contends that from their initial meeting Smothers tried to persuade her to buy drugs from Smothers' friend and then sell the drugs. Eventually, she agreed to help Smothers after he became threatening and belligerent. She claims she travelled to Texas at Smothers' behest. Finally, Groll contends that she was not aware that the gun was in the vehicle when she met Moser, which she did at the direction of Smothers. She claims the gun slid from under the seat when she went over a bump, and she put the gun in her back pocket.
 
 
 4
 In addition to evidence about Smothers' threats, Groll attempted to introduce the testimony of Ellen Beulow, a woman with whom Smothers had a relationship sometime before he met Groll. Groll sought to elicit testimony about Smothers to show that Smothers was not truthful and that he used women for financial gain. The district court refused to admit the testimony.
 
 
 5
 At the sentencing hearing, the parties disputed the grouping of the counts of conviction. Groll argued that the drug transactions counts should be grouped with the count charging her with being a felon in possession of a firearm. See U.S.S.G. Sec. 3D1.2. The district court concluded that the firearms count should not be grouped with the distribution counts, thus increasing Groll's adjusted offense level by two rather than one had the counts been grouped. Groll was sentenced to 90 months of imprisonment and a $1500 fine.
 
 II. DISCUSSION
 
 6
 Groll appeals the exclusion of Beulow's testimony and the grouping of the counts of the indictment. Each claim will be discussed in turn.
 
 A. Excluded Testimony
 
 7
 Groll makes related arguments concerning the proffered testimony of Ellen Beulow. First, Groll claims the district court erred in refusing to allow the testimony of Ellen Beulow regarding her relationship with Smothers. Second, Groll argues that the district court erred in refusing to allow Beulow to testify as to her opinion of Smothers' truthfulness. We review both these rulings for an abuse of discretion. See United States v. Koen, 982 F.2d 1101, 1116 (7th Cir.1992) (admission of 404(b) evidence reviewed for abuse of discretion); United States v. Connelly, 874 F.2d 412, 415 (7th Cir.1989) (admission of 404(b) testimony is within the discretion of the district court); United States v. Stormer, 938 F.2d 759, 761 (7th Cir.1991) (admission of opinion testimony reviewed for an abuse of discretion).
 
 1. 404(b) Testimony
 
 8
 Groll argues that Beulow's testimony regarding Smothers was proper, stating that he was a "manipulative individual who had a motive, plan and history of using women to obtain financial gain." Appellant's Brief at 9. The district court refused to admit the testimony, stating that "money is not an issue in this case.... [T]hat's not admissible under 404(b)." Trial Tr. 202-03. Rule 404(b) states: "Evidence of other crimes, wrongs or acts is not admissible to prove a character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). See, e.g., United States v. Levy, 955 F.2d 1098, 1102 (7th Cir.), cert. denied, 113 S.Ct. 102 (1992); United States v. Sullivan, 911 F.2d 2, 6 (7th Cir.1990). Groll submits that Beulow's testimony would support her entrapment defense by showing Smothers' motive, intent, plan and preparation for entrapping Groll. The defense of entrapment requires proof of government inducement of the crime and the defendant's lack of predisposition to engage in criminal conduct. Mathews v. United States, 484 U.S. 58, 63 (1988); see Jacobson v. United States, 112 S.Ct. 1535, 1540 (1992); United States v. Gootee, No. 93-2088, slip op. at 3 (7th Cir. Sept. 2, 1994).
 
 
 9
 By introducing the testimony of Beulow, Groll attempted to establish that because Smothers' allegedly used women in the past for financial gain he therefore coerced Groll into committing the crimes charged. There is not a sufficient nexus between using a woman, with whom Smothers had a personal relationship, for financial gain, and coercing a woman he did not know well into illegal acts of buying and selling drugs. There is no evidence Beulow engaged in the distribution of drugs or did so at Smothers' request, or that Smothers, while working with law enforcement authorities, entrapped Beulow in the past resulting in her arrest. Beulow's testimony did not go to the issue in the case: whether Groll was entrapped by the government to commit a crime she did not have the propensity to commit. It seems that Groll's purpose in introducing Beulow's testimony was to discredit Smothers, a purpose prohibited by Rule 404(b).[2]
 
 2. Opinion Testimony
 
 10
 Groll argues that Beulow should have been allowed to testify as to her lay opinion of Smothers' truthfulness. Groll was attempting to establish that Smothers "conned Ms. Groll into [participating in] th[e] drug activity." Appellant's Brief at 16. Lay opinion testimony is admissible under the Federal Rules of Evidence. Rule 608, concerning character evidence, provides:
 
 
 11
 (a) Opinion and reputation evidence of character.--The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations:
 
 
 12
 (1) The evidence may only refer to character for untruthfulness, and
 
 
 13
 (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.
 
 
 14
 Rule 701 governs opinion testimony by lay witnesses. Rule 701 states:
 
 
 15
 If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.
 
 
 16
 Fed.R.Evid. 701. Groll submits that Beulow's testimony was admissible to attack Smothers' credibility. We disagree. Beulow's proffered testimony consisted of a recitation of how Smothers used her for financial gain. See Trial Tr. at 200. This evidence does not pertain to a fact in issue. Whether Smothers was an untruthful person because of a past relationship with a third party is not connected to whether Groll was predisposed to commit the crime or whether the government induced her to commit the crime. The district court did not abuse its discretion in refusing to admit Beulow's testimony.
 
 B. Grouping of Counts
 
 17
 Groll objects to the sentence imposed by the district court. She argues that the district court improperly applied the guidelines. We review interpretations of the scope of the guidelines de novo. United States v. Bruder, 945 F.2d 167, 169 (7th Cir.1991).[3]
 
 
 18
 Section 3D1.2 of the Sentencing Guidelines provides that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." U.S.S.G. Sec. 3D1.2. The court must group all counts that "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." U.S.S.G. Sec. 3D1.2(b). Groll's offenses of conviction had no identifiable victim, but the guidelines indicate that for " 'victimless' crimes (crimes in which society at large is the victim), the grouping decision must be based primarily upon the nature of the interest invaded by each offense." Id., comment. (n. 2). In making this determination, the court must also keep in mind the guidelines' directive that some counts "are so closely intertwined with other offenses that conviction for them ordinarily would not warrant increasing the guideline range." U.S.S.G. Ch. 3, part D, Introductory Commentary; see Bruder, 945 F.2d at 170-71 (focusing on the harm produced by the offenses and determining that for the two offenses (possession of a firearm by a felon and possession of an unregistered firearm), the harm to society was unitary).
 
 
 19
 Looking to the nature of the interest invaded by each offense, the felon in possession of a firearm, codified in 18 U.S.C. Sec. 922(g), seeks to prevent ownership of firearms by "unreliable" persons. See Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 113-14 n. 6 (1983). On the other hand, the prohibition against distributing marijuana seeks to protect society from the crime and addiction narcotics engenders. See United States v. Harper, 972 F.2d 321 (11th Cir.1992) ("the distribution of illegal drugs affects the drug user and the community by increasing lawlessness and violence ...") (quoting United States v. Gallo, 927 F.2d 815, 824 (5th Cir.1991)). Although the drugs and firearm were seized at the same time, the statutes violated protect distinct societal interests that are not so closely intertwined that they should be grouped. Cf. Bruder, 945 F.2d at 171 (firearms offense are closely intertwined; because a felon cannot register a firearm he necessarily violates the registration statute, resulting in a unitary harm to society). Therefore, because the offenses implicate different societal interests, the district court did not err in grouping them separately.
 
 III. CONCLUSION
 
 20
 The district court did not abuse its discretion in refusing to admit Beulow's testimony. Further, the decision not to group counts was not error. Therefore, we affirm the district court's judgment and sentence.
 
 
 
 [1]
 Groll initially pled guilty to two of the charges. She later attempted to withdraw her plea, but the district court denied her motion. On appeal, this court remanded for an evidentiary hearing, after which the district court allowed Groll to withdraw her plea and proceed to trial. See United States v. Groll, 992 F.2d 755 (7th Cir.1993)
 
 
 [2]
 Groll testified on her own behalf, claiming that Smothers threatened and coerced her to commit the acts
 
 
 [3]
 Groll also claims the district court did not state specific reasons for the sentence it imposed. This argument must fail. The record indicates that the court provided a thorough explanation when it imposed the sentence. See Sent. Tr. at 36-39