UNITED STATES of America

v.

Chandradutt HARPAUL, also known as "Ronnie," and Sewdutt Harpaul, also known as "Mike," Defendants.

No. CR 97–303(ADS).

United States District Court, E.D. New York.

Oct. 29, 1998.

Zachary W. Carter, U.S. Atty., E.D.N.Y., by David P. Bloch, Senior Trial Attorney, Barry Jonas, Senior Trial Attorney, Garden City, NY, for U.S.

Jay Goldberg, P.C., New York, NY, for Defendant Chandradutt Harpaul, also known as "Ronnie".

Judd Burstein, P.C., New York, NY, for Defendant Sewdutt Harpaul, also known as "Mike"; Judd Burstein, Laurie J. McPherson, of counsel.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Should tax evasion and mail fraud counts of conviction be grouped pursuant to United States Sentencing Guideline § 3D1.2? This is the esoteric yet novel issue which confronted the Court at the time of sentencing the defendants. Surprisingly, this issue is one of first impression in this Circuit, and the Court looked to other Circuits for guidance. This opinion follows.

### I. BACKGROUND

The defendants, Chandradutt Harpaul, a/k/a "Ronnie," and Sewdutt Harpaul, a/k/a "Mike," are brothers who co-owned six Sizzler franchise restaurants, located in New York and New Jersey. Information from a confidential informant revealed that the defendants evaded a total of $249,967.00 in taxes at their Howell, New Jersey restaurant for tax years 1990, 1991, 1992 and 1993. The defendants accomplished this by regularly "skimming" the currency receipts earned during the luncheon business from the currency receipts earned during the rest of the day. On a daily basis, the skimmed receipts were placed into an envelope, together with the register tape reflecting the amount of funds taken. The defendants provided books and records of the Howell Sizzler, omitting the true gross receipts, to their corporate accountants, who used these false records as a basis for the corporate income tax returns. The defendants failed to inform the corporate accountants about the skimmed cash and, consequently, they filed false corporate income tax returns for tax years 1990 through 1993. Since the defendants did not inform their personal income tax return preparers about the skimmed cash, they also prepared and filed false personal income tax returns during these years.

The Howell Sizzler was a franchise restaurant of the parent corporation, Sizzler Restaurants International, Inc (the "Franchis-

er"). Under the franchise agreement, the defendants were required to pay 7½ % of gross receipts, after sales tax, to the Franchiser on a monthly basis. The mail fraud charge stems from the defendants' mailing to the Franchiser monthly payment checks from June 1990 through August 1993, accompanied by a prepared invoice detailing the breakdown of the franchise payment. The mailed invoices did not reflect the true gross receipts for the Howell Sizzler, but rather, were based on the altered records which the defendants used as a basis for the false tax returns.

On August 29, 1997, the defendants were convicted, upon their pleas of guilty, of: (1) knowingly and willfully attempting to evade income tax for the tax year 1993, in violation of 26 U.S.C. § 7201; (2) mail fraud, in violation of 18 U.S.C. § 1341; and (3) conspiracy to commit these crimes, in violation of 18 U.S.C. § 371.

## II. DISCUSSION

At issue is the defendants' objection to the Pre-sentence Investigation Report, which states that the tax evasion and mail fraud counts cannot be grouped together under the United States Sentencing Guidelines § 3D1.2.

Guideline § 3D1.2 dictates that "[a]ll counts involving substantially the same harm shall be grouped together ...." *See generally United States v. Bove,* 155 F.3d 44, 49 (2d Cir.1998). The Guidelines identify four circumstances constituting "substantially the same harm":

(a) When counts involve the same victim and the same act or transaction.

(b) When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.

(c) When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.

(d) When the offense level is determined largely on the basis of the total amount of

harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.

*See* U.S.S.G. § 3D1.2.

"Subsection (d) further divides Guidelines sections covering classes of harms more or less susceptible to aggregation into three broad categories—those which 'are to be grouped,' those 'specifically excluded' from aggregated treatment, and those subject to grouping on a 'case-by-case' basis." *United States v. Williams,* 154 F.3d 655, 657 (6th Cir.1998)(quoting U.S.S.G. § 3D1.2[d] ). Among the Guidelines sections "to be grouped" are § 2F1.1 (covering mail fraud) and § 2T1.1 (covering tax evasion), the two sections applicable here.

The Court observes, and the defendants concede, that the tax evasion and mail fraud offenses involved different victims—the mail fraud involved the franchiser, and the tax evasion involved the Government—and grouping under (a) or (b) would therefore be improper. There also has been no suggestion that grouping under (c) is appropriate. Rather, the defendants argue, the offenses should be grouped under (d), because the counts of conviction arise out of the same conduct, the offense levels for each is determined largely on the basis of the total amount of harm or loss, and the offenses are listed in § 3D1.2(d) as offenses which "are to be grouped."

■ The Court rejects the latter suggestion. While the Second Circuit has not addressed the issue, the "bulk of the courts to have considered the proper construction of subsection (d) have concluded that there is no automatic grouping of counts simply because those counts are on the 'are to be grouped' list." *United States v. Williams,* 154 F.3d 655, 657 (6th Cir.1998)(citing *United States v. Taylor,* 984 F.2d 298, 303 [9th Cir. 1993]; *United States v. Seligsohn,* 981 F.2d 1418, 1425 [3d Cir.1992]; *United States v. Harper,* 972 F.2d 321, 322 [11th Cir.1992]; *United States v. Johnson,* 971 F.2d 562, 576 [10th Cir.1992] ). "Most of these courts have held that where the applicable Guidelines

**138**

sections for separate counts measure the harm differently, those counts need not be grouped." *United States v. Williams,* 154 F.3d at 657 (citing *United States v. Taylor,* 984 F.2d at 303; *United States v. Harper,* 972 F.2d at 322; *United States v. Johnson,* 971 F.2d at 576). Therefore, counts must be of the "same general type" before grouping is appropriate, even where they are on the "to be grouped" list. *United States v. Seligsohn,* 981 F.2d at 1426 (citing *United States v. Harper,* 972 F.2d at 322; *United States v. Patterson,* 962 F.2d 409, 416–17 [5th Cir. 1992]; *United States v. Porter,* 909 F.2d 789, 793 [4th Cir.1990] ).

■ In the Court's view, the tax evasion and mail fraud counts are not of the "same general type" and, accordingly, grouping is inappropriate. Indeed, the Third Circuit has specifically held that fraud counts and tax evasion counts are so different that grouping would be inappropriate. *See Seligsohn,* 981 F.2d at 1425. "[T]he tax evasion counts differed in nature and were not an essential part of or related to the mail fraud. The tax evasion counts also affected different victims." *United States v. Seligsohn,* 981 F.2d at 1426 (upholding district court's refusal to group mail fraud, bribery and tax evasion offenses). Of course, the franchiser was the victim of the mail fraud scheme, while the Government was the victim of the suffered from the tax loss. In addition, "[m]ail fraud and tax evasion would seem in most cases to involve different harm ... and in this case, the counts certainly do." *United States v. Johnson,* 117 F.3d 1010, 1014 (7th Cir.1997)(upholding sentencing court's decision not to group prior conviction for mail fraud with current tax evasion offense). This conclusion is not altered by the fact that both counts of conviction are connected to the defendants' Howell restaurant. *See United States v. Johnson,* 117 F.3d at 1014 (refusing to group mail fraud and tax evasion offenses, despite the fact that both offenses were connected to the defendant's leasing and payroll service business).

For the foregoing reasons, the Court adopts the Pre-sentence Investigation Report's recommendation that the tax evasion and mail fraud counts not be grouped together under the United States Sentencing Guidelines § 3D1.2.

**IT IS SO ORDERED.**