**UNITED STATES of America,**

v.

**Ryan ANDERSON, Defendant.**

**Criminal Action No. 99–489–1.**

United States District Court, E.D. Pennsylvania.

May 19, 2000.

David E. Troyer, U.S. Attorney's Office, Philadelphia, PA, for U.S.

Sara M. Webster, Doylestown, PA, for Defendant.

*MEMORANDUM & ORDER*

KATZ, Senior District Judge.

Before the court is defendant's motion for a downward departure. Because denial of the motion would functionally extend the defendant's unrelated state court sentence far past the time the Commonwealth of Pennsylvania has decided is appropriate, the court will grant the motion.

*Background*

On February 10, 2000, Ryan Anderson pled guilty before this court to one count of making a false statement in connection with information required to be kept by a federal firearms licensee and one count of being a convicted felon in possession of a firearm. In the absence of a departure, the Sentencing Guidelines establish a base offense level of 19 and a criminal history category of III for these offenses, resulting in a range of 37 to 46 months imprison-

ment. The defendant agrees with these calculations.

The request for a departure pertains to facts that predate the instant offense. On October 16, 1997, Ryan Anderson was arrested and charged with possession with intent to deliver a controlled substance in the Lackawanna County Court of Common Pleas. On March 9, 1998, he pled guilty to these charges, but he did not appear for sentencing and was fugitive until March 17, 1999, when Anderson was arrested on the present firearms charges. Although ATF agents were involved in that March 17 arrest, Anderson was held in state custody and, on April 6, 1999, he was returned to prison for failure to appear for sentencing in the 1997 drug case. On April 27, 1999, he was sentenced to four months to three years for the controlled substance offense. On September 7, 1999, Anderson was granted parole; however, he could not actually be paroled until he paid $30.00 in court costs and submitted a urine sample. Before he was able to perform these tasks, he was taken into federal custody pursuant to a writ on October 8, 1999, and arraigned on October 25, 1999. Although he can apparently pay the $30.00 while in federal custody, he cannot submit the urine sample until he is back in state custody. Consequently, notwithstanding the grant of parole, Anderson's state sentence is ongoing because of his inability to comply with the administrative requirements that would permit his "release." The state sentence will not expire until March 6, 2002.

*Discussion*

The defendant requests a departure because all of the time he has served thus far in federal custody has been credited towards his technically continuing state sentence, even though he was granted parole

prior to the commencement of federal custody. This is because the federal Bureau of Prisons does not give credit for imprisonment time if it has already been credited towards another sentence. *See* 18 U.S.C. §§ 3585(a), (b)(2). From the Bureau of Prison's perspective, Anderson's federal sentence will not commence until at least May 19, 2000, the date sentence was imposed, notwithstanding the long period of time he has already spent in federal custody. As the defendant points out, the practical effect is that his state sentence has been extended for approximately seven months beyond the date on which he was approved for parole, and he has not received any federal credit for that time.

The court agrees that this is a circumstance that justifies a departure pursuant to U.S.S.G. § 5G1.3, which addresses the question of whether a sentence should be consecutive to or concurrent with an undischarged term of imprisonment. Subsection (a) requires that sentences be consecutive in some circumstances; subsection (b) requires that sentences be concurrent in other circumstances. *See* U.S.S.G. § 5G1.3(a)-(b).[1] As neither of these sections applies, the court turns to the policy statement found in subsection (c): "In any other case, the sentence of the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c). Application note three explains that when applying subsection (c),

> the court may impose a sentence concurrently, partially concurrently, or consecutively. To achieve a reasonable punishment and avoid unwarranted disparity, the court should consider the factors set forth in 18 U.S.C. § 3584[2] (referencing 18 U.S.C. § 3553(a)) and be cognizant of:

**1.** Under these provisions, consecutive sentences are required if the instant offense was committed while the defendant was serving a term of imprisonment or after sentencing for, but before commencing service of, a term of imprisonment. *See* U.S.S.G. § 5G1.3(a). Concurrent sentences are required if (a) does

not apply and the undischarged term of imprisonment resulted from offenses that have already been taken into account in calculating the base offense level of the instant offense. *See id.* § 5G1.3(b).

**2.** These factors include, *inter alia,* the facts of the offense, the defendant's history, and the

(a) the type (*e.g.*, determinate, indeterminate/parolable) and length of the prior undischarged sentence;

(b) the time served on the undischarged sentence and the time likely to be served before release;

(c) the fact that the prior undischarged sentence may have been imposed in state court rather than federal court, or at a different time before the same or different federal court; and

(d) any other circumstance relevant to the determination of an appropriate sentence for the instant offense.

U.S.S.G. § 5G1.3 app. note 3.

The government agrees that the court has discretion to depart on this basis. Based on the considerations articulated in the Sentencing Guidelines, the court concludes that a departure to reflect the time spent in federal custody prior to the federal sentencing date is appropriate. *See Rios v. Wiley*, 201 F.3d 257, 265 n. 8 (3d Cir.2000); *United States v. Brannan*, 74 F.3d 448, 454–56 (3d Cir.1996) [3]; *see also United States v. Montez–Gaviria*, 163 F.3d 697, 701 (2d Cir.1998) ("[N]othing in the Sentencing Guidelines precludes the district court from departing downward under § 5K2.0 on the basis of ... uncredited time served in state custody);" *United States v. Sanchez–Rodriguez*, 161 F.3d

556, 563–64 (9th Cir.1998) (reversing previous decisions holding that departures under U.S.S.G. § 5K2.0 could not be granted on this basis in light of *Koon* decision); *United States v. Johnson*, 117 F.3d 1010 (7th Cir.1997) (approving departure for uncredited time). Anderson already served all of the time that Pennsylvania considered necessary on the entirely unrelated drug charges, and it is inappropriate for the federal system effectively to lengthen the sentence due to a technicality beyond the control of the state or the defendant. As the court is unable to give the defendant official federal credit for the time, the only solution is to subtract seven months from the thirty-seven month sentence the court would impose in this federal firearms charge absent this complication.

In so ruling, the court does not necessarily disagree with the government's contention that the defendant should serve two separate sentences for two separate crimes. However, the government's approach does not fully appreciate the fact that Mr. Anderson requests a "departure" only to the extent that he has served "extra" time. While the court agrees that Mr. Anderson should *serve* a sentence within the guidelines range, the only way to effectuate this goal is to *impose* a sentence of thirty months.

classic sentencing goals of rehabilitation, deterrence, incapacitation, and punishment.

**3.** These cases address an earlier version U.S.S.G. § 5G1.3. *See Wiley*, 201 F.3d at 263–64 n. 6; *United States v. Holifield*, 53 F.3d 11, 12–13 (3d Cir.1995); *see also Brannan*, 74 F.3d at 450 n. 2 (noting that revisions substantially changed this guideline and its notes). Prior to revision in 1995, section (c) instructed the court to calculate the sentence so as to achieve a "reasonable incremental punishment," and application note three to this section suggested that this appropriate incremental punishment could be discerned by approximating the applicable federal sentence had all offenses been sentenced simultaneously under the Guidelines. Because of these substantial changes, many of the specific instructions contained in *Wiley* and *Brannan* regarding how the sentence should be calculated are of little relevance when con-

struing post–1995 guidelines. However, the court does not believe that the revisions in any way affect the primary holdings of these cases, which permit adjustment of a sentence under section 5G1.3 to reflect time served for which no credit is received, particularly as the revisions actually increase the sentencing court's flexibility. *See, e.g., United States v. Johnson*, 117 F.3d 1010, 1013–14 (7th Cir. 1997). To the extent that the revisions do make some more fundamental change, the court would alternatively grant a departure pursuant to U.S.S.G. § 5K2.0, as this situation is well outside the heartland. *See Koon v. U.S.*, 518 U.S. 81, 94, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *see also United States v. Sanchez–Rodriguez*, 161 F.3d 556, 564 (9th Cir.1998) (stating that "[t]he lost opportunity to serve more of one's state term concurrent with one's federal term is a factor unmentioned by the Guidelines.").

646

### Conclusion

In the absence of a departure, the defendant will have been subjected to an additional seven months on a state sentence that was, in all but the most technical sense, complete, without receiving any credit towards his federal sentence. Consequently, a departure reflecting the time he spent in federal custody following the grant of parole in the state case will be granted, and the federal sentence will be served concurrently with any remaining state sentence.