NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2007[*]
Decided May 11, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-4573

| | |
|---|---|
| UNITED STATES of AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 04-CR-278 |
| DANTE N. COLEMAN, *Defendant-Appellant*. | Charles N. Clevert, Jr., *Judge*. |

## O R D E R

In this direct criminal appeal, Dante Coleman argues that we should remand for resentencing because, he says, the district court made mistakes that will result in his serving more time in prison and on supervised release than the court intended. Coleman also argues that his overall prison term, as pronounced, is unreasonable. The government rejects the latter contention but concedes that resentencing would be appropriate to remedy "possible errors" by the district court.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Police in Milwaukee, Wisconsin, arrested Coleman in November 2004 after a car and foot chase. He was carrying a loaded gun and about 23 grams of crack cocaine. Coleman told the police he planned to sell the crack. At the time, Coleman was on probation for a 2000 state conviction, and Wisconsin officials revoked his probation. He then pleaded guilty in federal court to possessing a firearm after a felony conviction, 18 U.S.C. § 922(g)(1), possessing crack with intent to distribute, 21 U.S.C. § 841(a)(1), and carrying a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1).

The probation officer classified Coleman as a career offender, *see* U.S.S.G. § 4B1.1, because of prior felony convictions for fleeing police in a vehicle and possession with intent to distribute cocaine. Based on that status the probation officer calculated a guidelines imprisonment range of 322 to 387 months (including a mandatory minimum of 60 months on the § 924(c)(1) count). At sentencing Coleman did not object to the career-offender classification but did argue that his prior convictions were not very serious and thus warranted a sentence below the guidelines range. He also asked the district court to run his federal sentence concurrently with the state revocation sentence. The court imposed a total of 322 months' imprisonment to run "concurrent with the time that you are serving in the State Court case." The court also announced that it was imposing concurrent terms of supervised release totaling five years but changed that to 10 years after the probation officer interjected—incorrectly, it turns out—that the statutory minimum on the drug count was 10 years.

On appeal Coleman observes that eight years, not ten, was the minimum term of supervised release applicable to his drug conviction, *see* 21 U.S.C. § 841(b)(1)(B), and he argues that a remand is necessary so that the district court can select an appropriate sentence based on a correct understanding of the available penalty range. The government concurs, as do we. Although the district court was free to select a term above the minimum, the court's initial choice of five years strongly suggests that it would not have imposed a 10-year term had it received accurate information about the lowest available term.

Coleman also contends that the district court intended to make his federal sentence fully concurrent with his undischarged state sentence but "mistakenly made it partially concurrent by failing to reduce Mr. Coleman's federal sentence by the amount of time he had already served on his state sentence." Coleman draws this conclusion solely from the court's agreement with trial counsel that a "concurrent" sentence—not a "fully" concurrent sentence—was appropriate. This sliver of record support seems to us an insubstantial basis for arguing that the sentence pronounced was not what the district court intended, but the government joins Coleman in advocating a remand so that the district court can "clarify its intent."

As far as we can tell from the record before us, the confusion lies with the parties and not the district court. Section 5G1.3(c) of the guidelines—which, curiously, neither party cites—allows a district court to achieve a reasonable punishment by running a new prison sentence "concurrently, partially concurrently, or consecutively" to an undischarged term of imprisonment. U.S.S.G. § 5G1.3(c); *see United States v. Rivera*, 327 F.3d 612, 615 (7th Cir. 2003); *United States v. Johnson*, 324 F.3d 875, 878 (7th Cir. 2003). When the undischarged sentence is for a probation revocation (as it is here), the Sentencing Commission recommends that the district court run the new sentence *consecutively* to the undischarged sentence, U.S.S.G. § 5G1.3 cmt. n.3(C), so the sentence here—whatever the district court intended—is outside the norm. Prior to *United States v. Booker*, 543 U.S. 220 (2005), the district court would not have enjoyed the discretion to "depart" below the guidelines range and effectively give Coleman "credit" for the discharged portion of his revocation sentence. *See United States v. Johnson,* 117 F.3d 1010, 1013 (7th Cir. 1997); *cf.* U.S.S.G. § 5G1.3(b); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). After *Booker,* a district court may do exactly that, but since even a *partially* concurrent prison term would constitute a sentence below the range, we are reluctant to give the district court's reference to "concurrent" the broadest possible reading instead of the narrowest. *United States v. Ngatia*, 477 F.3d 496, 501 (7th Cir. 2007); *United States v. Orozco-Vasquez*, 469 F.3d 1101, 1107 (7th Cir. 2006); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005). Still, since we are remanding anyway because of the error concerning supervised release, we will accept the government's concession and vacate the sentence in its entirety.

Coleman also contends that an overall prison term of 322 months is unreasonable. We could decline to address this question, given our decision to remand for resentencing, but we offer some observations now in the interest of avoiding another appeal after the remand. *See, e.g., United States v. Agee*, 83 F.3d 882, 888 (7th Cir. 1996).

Coleman argues that his career-offender status overstates the seriousness of his prior convictions and that the district court should not have deemed a sentence within the guidelines range to be presumptively reasonable. The latter proposition is correct: at the district court level, the guidelines merely give the court advice about the appropriate sentence. *See, e.g., United States v. Gama-Gonzalez*, 469 F.3d 1109, 111 (7th Cir. 2006); *United States v. Demaree*, 459 F.3d 791, 794-95 (7th Cir. 2006). But the court never indicated that it viewed the guidelines range as presumptively reasonable. In imposing a sentence within the guidelines range, the court considered the factors listed in 18 U.S.C. § 3553(a), including Coleman's history of drug crimes and attempts to flee from police. After considering these factors, the court had discretion to sentence Coleman below the guidelines range if it believed his criminal history was overstated, but the court was not compelled to do so. *See United States v. Garner*, 454 F.3d 743, 751 (7th Cir. 2006). The court

instead decided that a sentence within the guidelines imprisonment range was appropriate, which it was entitled to do. *See Gama-Gonzalez*, 469 F.3d at 111. On remand, we expect that the Supreme Court's decision in *Rita v. United States,* No. 05-0674, 177 F. App'x 357 (4th Cir. May 1, 2006), *cert. granted,* 127 S.Ct. 551 (U.S. Nov. 3, 2006) (06-5754), will be available to guide the resentencing proceedings.

Finally, Coleman argues that his sentence is not reasonable because the district court should not have followed the 100-to-1 sentencing ratio for crack versus powder cocaine. But as Coleman concedes, this court has repeatedly noted that the district court is not free to disregard the 100-to-1 sentencing ratio decided upon by Congress. *See, e.g., United States v. Miller*, 450 F.3d 270, 275 (7th Cir. 2006).

We VACATE the sentences on all counts, and the case is REMANDED for resentencing.