**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 11, 2009[*]
Decided June 15, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-2196

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 04-CR-278 |
| DANTE COLEMAN, *Defendant-Appellant.* | Charles N. Clevert, Jr., *Chief Judge.* |

### O R D E R

Dante Coleman pleaded guilty to possessing a firearm after a felony conviction, 18 U.S.C. § 922(g)(1), possessing crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and carrying a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1). After a

---

[*] This successive appeal has been submitted to the original panel pursuant to Internal Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See FED. R. APP. P. 34(a); CIR. R. 34(f).

successful appeal, Coleman was resentenced as a career offender to 198 months' imprisonment, running concurrently with his state sentence, and eight years of supervised release. Coleman appeals, but his appointed counsel has moved to withdraw because they cannot identify any nonfrivolous argument to pursue on appeal. See *Anders v. California,* 386 U.S. 738, 744 (1967). Coleman declined our invitation to comment on his counsel's submission. See CIR. R. 51(b). We confine our review to the two potential issues identified in counsel's facially adequate brief. See *United States v. Schuh,* 289 F.3d 968, 974 (7th Cir. 2002).

This is not our first encounter with this case. Coleman appealed his original sentence; we vacated his sentence on all counts and remanded for resentencing. See *United States v. Coleman,* 232 F. App'x 594 (7th Cir. 2007) (unpublished). This appeal raises two issues: (1) whether Coleman's previous conviction for vehicular fleeing under WIS. STAT. § 346.04(3) constitutes a "crime of violence" under § 4B1.1 such that it would support the district court's determination that he is a career offender; and (2) whether his sentence is reasonable.

Counsel is correct that Coleman may challenge his sentence based on the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008). Coleman was sentenced as a career offender on April 9, 2008; the Supreme Court decided *Begay* on April 16, 2008. Since that time, we have devoted considerable attention to how *Begay* is to be applied. See, *e.g., United States v. Woods,* 576 F.3d 400 (7th Cir. 2009); *United States v. Hart,* 578 F.3d 674 (7th Cir. 2009); *United States v. Hampton,* 585 F.3d 1033 (7th Cir. 2009); *United States v. Clinton,* 591 F.3d 968 (7th Cir. 2010); *United States v. Dismuke,* 593 F.3d 582 (7th Cir. 2010). We have held this case in order to have the benefit of those decisions.

While it may not have been clear at the outset, it is now settled in this circuit that a properly divisible part of the Wisconsin crime of vehicular fleeing qualifies as a "crime of violence" under U.S.S.G. § 4B1.1. Coleman's offense was a violation of WIS. STAT. § 346.04(3), which provides: "No operator of a vehicle, after having received a visual or audible signal from a traffic officer, or marked police vehicle, shall knowingly flee or attempt to elude any traffic officer by willful or wanton disregard of such signal so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicles or pedestrians, nor shall the operator increase the speed of the operators vehicle or extinguish the lights of the vehicle in an attempt to elude or flee." We addressed this statute in *Dismuke, supra,* 593 F.3d at 590-96. In that case, we noted that this provision of Wisconsin law was divisible: one category is fleeing or attempting to elude an officer "by willful or wanton disregard of [the officer's] signal so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicles or pedestrians" and the other involved "increas[ing] the speed of the operator's vehicle or extinguish[ing] the lights of the vehicle in an attempt to elude or flee." *Id.* at 590. Relying on *United States v. Spells,* 537 F.3d

743 (7th Cir. 2008), we held that the second offense was a "crime of violence" for the specific purpose of the career-offender enhancement. *Id.* at 594. See also *United States v. Howze,* 343 F.3d 919, 921-22 (7th Cir. 2003) (finding, prior to *Woods,* that WIS. STAT. § 346.04(3) described a "crime of violence"); *Welch v. United States,* 604 F.3d 408 (7th Cir. 2010) (taking same approach to comparable provision of Illinois law).

Coleman was convicted of the same offense as Dismuke – a violation of WIS. STAT. § 346.04(3). Under the modified categorical approach, see *United States v. Woods,* 576 F.3d 400 (7th Cir. 2009), we may look at a limited range of additional material to determine which portion of a divisible statute the defendant violated. Here, Coleman is under an extra disadvantage because he did not argue in the district court that his fleeing from an officer in his vehicle was *not* a crime of violence. Our review would therefore be only for plain error. See *United States v. Olano,* 507 U.S. 725, 734-36 (1993). If he were not confined by the plain error standard, our evaluation of the potential issue on appeal might be different. As it is, however, we see nothing in the record that indicates that Coleman's earlier conviction was merely for disregarding a signal from a traffic officer; instead, it appears to describe actual "fleeing" from the officer as that term applies to the second category of the Wisconsin statute. This is the divisible part of the statute that we characterized as a "crime of violence" in *Dismuke*. On this understanding, we agree with counsel that the district court properly determined that Coleman is a career offender under the Guidelines.

We also agree with counsel that any appeal in which Coleman tried to argue that the district court's sentence of 198 months' imprisonment was reasonable would be doomed. See *Gall v. United States,* 552 U.S. 38 (2007); *Rita v. United States,* 551 U.S. 338 (2007). The sentence was 22 months below the recommended range, and there is nothing in the record to suggest that the sentence was unreasonably high.

Accordingly, we GRANT the motion and DISMISS Coleman's appeal.